# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CESAR L. FEBUS, III,                                    :
                Petitioner,            :
                               :

        v.                                     :          Civil No. 5:25-cv-2413-JMG
                               :

BOHINKSI, *et al.*,                                     :
                Respondents.          :

## ORDER

**AND NOW**, this 12th day of June, 2026, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), Respondents Motion to Dismiss Writ of Habeas Corpus (ECF No. 9), Petitioners Response in Opposition re Motion to Dismiss Writ of Habeas Corpus (ECF No. 10), the Report and Recommendation United States Magistrate Judge Jose R. Arteaga (ECF No. 12), and Petitioner's Objections to the Report and Recommendation (ECF No. 13) it is **ORDERED** as follows:

    1.      The Report and Recommendation of Magistrate Judge Jose R. Arteaga (ECF No. 12) is **APPROVED** and **ADOPTED**;[1]

---

[1] This Court conducts a de novo review and determination of the portions of the report and recommendation by the magistrate judge to which Febus has objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

Petitioner objects to Judge Arteaga's conclusion that he failed to establish the diligence and extraordinary-circumstances requirements necessary to warrant equitable tolling of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C § 2254. ECF No. 13 ¶ ¶ 6-8. Petitioner contends that equitable tolling is warranted because he diligently pursued his rights through state post-conviction proceedings, mistakenly sought relief in state court rather than federal court, and faced extraordinary

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DIMISSED**;

3. There is no basis to issue a certificate of appealability;[2]

_____

circumstances, including his pro se status, language barrier, lack of notice regarding federal habeas remedies, and the COVID-19 pandemic. *Id.* However, as Judge Arteaga noted, Petitioner has not established that he exercised reasonable diligence in pursuing federal habeas relief. ECF No. 12 at pp. 11-12. In particular, Petitioner permitted significant periods of time to pass following the conclusion of the initial Pennsylvania's Post-Conviction Relief Act ("PCRA") proceedings before taking further action. *Id.* Judge Arteaga further found that Petitioner failed to establish a causal connection between the alleged extraordinary circumstances and his untimely filing. *Id* at pp. 12-15. This Court therefore agrees with Judge Arteaga that Petitioner has failed to satisfy either requirement for equitable tolling under *Holland v. Florida*, 560 U.S. 631, 649 (2010) ("The Supreme Court has made clear that petitioners are entitled to equitable tolling only if they demonstrate both that (1) they have been diligently pursuing their rights *and* (2) some extraordinary circumstance prevented timely filing"). *Id.* at p 10.

Petitioner also objects to Judge Arteaga's conclusion that trial counsel was not constitutionally ineffective for allegedly failing to ensure that Petitioner's guilty plea was knowing, voluntary, and intelligent and for failing to challenge whether the evidence supported a conviction for first-degree murder rather than voluntary manslaughter. ECF No. 13 ¶¶ 9-19. Specifically, Petitioner argues that he did not fully understand the nature and consequences of his plea because English is not his primary language and because counsel failed to explain Pennsylvania's degree-of-guilt procedure. *Id*. Petitioner further argues that the evidence established voluntary manslaughter because he acted under a "sudden and intense passion resulting from serious provocation or as imperfect self-defense." *Id.* ¶ 14. As Judge Arteaga recognized, however, the state courts previously rejected these claims on the merits, finding that Petitioner's plea was knowing, voluntary, and intelligent. ECF No. 12 at pp. 4-6. Plus, Petitioner's counsel adequately advised him regarding the plea agreement and degree of guilt proceedings. *Id.* The record reflects that Petitioner completed both written and oral plea colloquies, was assisted by an interpreter, acknowledged his understanding of the charges, and expressed satisfaction with counsel's representation. *Id* at pp. 2-3.

Because the Petition is untimely and equitable tolling does not apply, the Court need not reach the merits of Petitioner's underlying constitutional claims. Accordingly, the Court adopts Judge Arteaga's findings and conclusions in full.

[2] A court should only issue a certificate of appealability ("COA") if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

4.  Petitioners Motions (ECF No. 9) is **DENIED as MOOT**; and

5.  The Clerk of Court is directed to mark this case **CLOSED.**

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

whether the district court was correct in its procedural ruling. *Id*. Here, Petitioner has failed to meet his burden to show that a certificate of appealability should issue in this case.